11 CIV 6674

JUDGE KEENAN

UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| VENTURA CONTENT, LTD., Plaintiff, v. TWO POINT OH, LTD. Defendant. | Docket No. ____________ **COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND DAMAGES** |

RECEIVED SEP 23 2011 U.S.D.C. S.D. N.Y. CASHIERS

Ventura Content, Ltd. ("Ventura"), by and for its Complaint against defendant Two Point Oh, Ltd. ("Defendant") avers as follows:

**INTRODUCTION**

1. Digital technology has made it possible for all types of copyrighted content to be performed and distributed over the Internet nearly instantaneously to desktop computers, laptops and hand-held mobile devices. Legitimate and non-legitimate businesses have capitalized on these technological advancements by offering networks, distribution platforms and other tools that provide access to digital entertainment content. The legitimate businesses do so in a manner that respects the intellectual property rights of copyright owners. The non-legitimate businesses, such as those operated by Defendant, seek to offer services intentionally built on the unauthorized exploitation of copyrighted works.

2. Adult entertainment companies long have been pioneers in the use of the Internet as a means of delivering paid content to consumers. Ventura and other businesses like it invest millions of dollars in producing, distributing and promoting high quality, professionally-made adult content to consumers in conformity with the record keeping and labeling requirements

imposed by federal law. Nevertheless, Defendant, and others in a long line of unscrupulous businesses, seek to exploit the Internet in order to profit from the operation of a variety of websites (the "Infringing Sites").

3. The cornerstone of the Infringing Sites' business plan is their ability to offer access to free copyrighted adult videos in order to attract users to their sites. This plan has been enormously successful: using the lure of free copyrighted content, the Infringing Sites draw a tremendous amount of traffic, thereby allowing Defendant to generate revenues and gain market share in the digital adult entertainment market. For example, Defendant collects advertising revenue from the traffic generated by the draw of this infringing material, and they further use this material to entice their users to upgrade to "premium" (*i.e.*, paid) memberships on some of the Infringing Sites and their related websites and to enter into other paying transactions for other goods and services offered to the users of the Infringing Sites. Defendant thus has amassed profits and market share by appropriating the value of content it does not own on a massive scale without payment to, or any permission from, the copyright owners.

4. Many of Defendant's Infringing Sites borrow their design from popular video sharing websites that allow users to upload content. However, the similarity between the Infringing Sites and these sites ends there. The majority of the Infringing Sites do not permit users to upload videos such that Defendant itself is directly responsible for placement and copying of the content available on the sites. Defendant also frequently "brands" content as originating from its Infringing Sites thereby misleading consumers into thinking that it is the original source of infringing content, including content that belongs to Ventura.

5. Defendant actively engages in, promotes, and induces the infringement occurring through the Infringing Sites. Defendant copies infringing videos to its sites, hosts copies of the infringing videos on its own servers, reformats the videos in the desired format, categorizes the videos to facilitate user searches, and publicly performs, reproduces, and distributes the

infringing videos on the Infringing Sites. In fact, Defendant frequently boasts of its massive catalog of copyrighted occurring on its sites, bragging that the Infringing Sites are "updated all day long" and explicitly noting that they offer "one of the largest virtual porn libraries" in the world. Defendant even brags that its websites have "all the free porn videos and full length adult videos ever made."

6. Ventura's copyrighted works available on the Infringing Sites have been viewed millions of times by users of Defendant's Infringing Sites. Defendant's willful infringement and other illegal conduct has harmed and continues to harm the interests of legitimate copyright owners, including Ventura. Absent relief from the Court, Defendant's widespread infringement will continue to undermine the ability of content owners such as Ventura to conduct business. Ventura seeks a declaration that Defendant's conduct willfully infringes Ventura's copyrights, an injunction requiring Defendant's Infringing Sites to prevent or limit infringement of Ventura's copyrights, and damages in an amount to be determined at trial.

## THE PARTIES

**Ventura**

7. Ventura Content, Ltd. is an Anguilla company with its principal place of business in Anguilla. Ventura owns copyrights in certain adult-oriented content and distributes such content throughout the United States through its affiliates and licensees located in the United States.

8. Ventura is the owner of the valid, subsisting copyrights at issue in this litigation (including the owner by assignment from its affiliated companies) all of which have been registered in the United States Copyright Office in accordance with the provisions of the United States Copyright Act. Ventura owns both the copyrights in these compilations as well as all of the constituent copyrighted elements contained therein including all new matter and preexisting materials (which consist of copyrighted videos also owned by Ventura). A representative list of

these valid copyrighted works infringed by Defendant herein is attached to this Complaint as Exhibit A. In addition to the copyrights at issue in this case, Ventura owns numerous other copyrights for its high quality adult videos. Through its affiliates and related companies in the United States, it has invested and continues to invest hundreds of thousands of dollars annually to cultivate and distribute its videos.

9. The primary market for Ventura's copyrighted content is in the United States. Ventura's copyrighted content is distributed under the trademark "Pink Visual" and the websites owned and operated by its affiliated companies generate advertising and subscription revenue, as well as other benefits, from the Internet traffic advanced by the availability of Pink Visual-branded video content.

**Defendant**

10. Defendant Two Point Oh, Ltd. ("Defendant") is registered to do business in New York and has its principal place of business at 37 West 20th Street, Suite 703, New York, New York 10011. Defendant is a company organized and existing under the laws of the British Virgin Islands. In addition to its business registration in New York, Defendant also transacts business throughout the United States.

11. Defendant owns or operates a network of websites, including, *inter alia*, www.badjojo.com, www.boysfood.com, www.freeviewmovies.com, www.stileproject.com, www.freeporn.com, www.pornrabbit.com, and www.pornyo.com (together the "Infringing Sites"). In addition to its control over the Infringing Sites, Defendant owns and/or operates its own management company, its own advertising broker (www.adsurve.com), its own credit card processing company (procharge.net), and its own third-party affiliate program (www.gridlockparadise.com). All of these companies assist Defendant in monetizing the infringing content that populates its Infringing Sites.

## JURISDICTION AND VENUE

12. This is a civil action seeking damages and injunctive relief for copyright infringement under the Copyright Act, 17 U.S.C. § 101 *et seq*.

13. This Court has original subject matter jurisdiction over the copyright infringement claims pursuant to 17 U.S.C. § 101 *et seq.*, and 28 U.S.C. §§ 1331 and 1338(a).

14. This Court has personal jurisdiction over Defendant. Defendant's principal place of business is in New York, it does continuous and systematic business in New York, and upon information and belief, derives substantial revenues from commercial activities in New York and hence is present in New York. *See* N.Y. C.P.L.R. § 301.

15. In addition, Defendant is registered to do business in New York and does such business at 37 West 20th Street, Suite 703, New York, New York 10011. Defendant, on information and belief, is owned and operated by New York residents and/or its New York agents and commonly-owned related companies located in New York, including but not limited to, Internet Assets, Inc.

16. Defendant also transacts business in New York and contracts to supply goods and services in the state in connection with the matters giving rise to this suit *See* NY CPLR § 302(a)(1). Defendant, by itself and through its New York agents and commonly-owned related entities, has engaged in paid commercial transactions with New York residents and companies located in New York for the provision or sale of goods and services including infringing materials. Using the lure of infringing materials, Defendants openly encourage their users (including users in New York) to upgrade to "premium" memberships via the Infringing Sites, which can result in monthly charges to users and substantial payment to Defendant. For example, often when a user finishes viewing an infringing video or a user attempts to watch the video in "high-definition," download the video or watch the full length video, Defendant invites the user to upgrade to a "premium" account. Defendant's users must then supply a credit card,

an email address and other billing information and receive confirmation of same from Defendant either directly or through their payment processing companies.

17. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b), (c), (d), and 1400(a).

## THE INFRINGING SITES

18. Through Defendant's network of Infringing Sites, Defendant and its agents take video content that does not belong to them and then allow millions of users unfettered and unlimited access to view, copy, and re-distribute that content. Defendant owns and/or operates at least seven websites that make up the Infringing Sites and which provide access to infringing content—including content owned by Ventura. The websites include www.badjojo.com, www.boysfood.com, www.freeviewmovies.com, www.stileproject.com, www.freeporn.com, www.pornyo.com, and www.pornrabbit.com.

19. Access to an exhaustive collection of copyrighted videos is Defendant's primary selling point. In fact, many of the Infringing Sites openly brag about the fact that they offer access to an extraordinary array of professional material. For example, Defendant owns and/or operates a website accessible through the www.freeviewmovies.com domain name ("Free View Movies"). Free View Movies provides infringing adult content to consumers for free. Freeviewmovies.com states, "Hi there, we gladly welcome you to Free View Movies!....... To keep you satisfied we actually have 17 categories with all types of porn videos, and, even more we grant you access to one of the largest virtual porn library [sic]."

20. Similarly, Defendant owns and/or operates a website accessible through the www.stileproject.com domain name ("Stile Project"). Stile Project attests that "Stile Project has all the free porn videos and full length adult videos ever made. Seriously. Stile Project is updated all day long with the best new porn videos! Stile Project has the largest free DVD downloads and streaming porn movies. We're the most popular free sex porn tube site ever...". Stile Project's

membership option is free and offers users the opportunity to register, post comments on videos, rate videos, and even create personal profiles and send private messages to other users.

21. Defendant also owns and/or operates a website accessible through the www.badjojo.com domain name ("Badjojo"). Badjojo provides access to infringing adult content, and features a "Search By Top Porn Stars" option that lists the professional name of the actors starring in the video, upon choosing an actor's name the site displays certain actors videos on Badjojo as well as the other sites from which Badjojo pulls content.

22. Defendant profits from these Infringing Sites in a host of ways. First, Defendant uses the lure of infringing materials to encourage its users to "upgrade" to paid memberships via many of the Infringing Sites. Defendant incites the user to upgrade to a "premium" account in order to gain access to higher quality content. Defendant's user must then supply a credit card, an email address and other billing information and receive confirmation of same from Defendant either directly or through its payment processing companies. Defendant's users can access the "upgraded" sections of the Infringing Sites via the same user name, password and user interface as the Infringing Sites, and also receive additional features and benefits to access infringing content.

23. In addition to sales of paid subscriptions, Defendant also derives advertising revenues directly attributable to the presence of infringing works on all of the Infringing Sites. Defendant operates its own advertising broker that seeks out and places third party advertisements on the Infringing Sites. In addition to other fees Defendant may receive in relation to these advertisements, Defendant receives revenues when its users "click on" or view such advertisements. Thus, Defendant uses the lure of infringing material to increase traffic to the Infringing Sites.

**NATURE OF THE ACTION**

24. Under Section 106 of the Copyright Act of 1976, 17 U.S.C. § 101 *et seq*. (the

"Copyright Act"), Ventura has the distinct, severable, and exclusive rights to, *inter alia*, reproduce, distribute, publicly perform, and publicly display its copyrighted works, as well as the exclusive right to authorize any of these activities. 17 U.S.C. §§ 106(1), (3), (4), (5). Defendant has appropriated and exploited Ventura's copyrighted works, resulting in the rampant infringement evident on the Infringing Sites. Defendant's acts of infringement remain ongoing to date.

25. A user who wants to view a video on any of the Infringing Sites, would generally proceed with three steps. During the entire experience, the Infringing Site prominently displays its logo, user interface, and advertising to the user.

26. ***First***, the user goes to a site operated by Defendant by typing in one of the following addresses into the user's web browser: www.badjojo.com, www.boysfood.com, www.freeviewmovies.com, www.stileproject.com, www.freeporn.com, www.pornyo.com, or www.pornrabbit.

27. ***Second***, the user may enter search terms into the site's search and indexing function, and receive an array of thumbnail images of videos in the site matching those terms. On information and belief, the site creates the thumbnails, which are individual frames from videos in its library (including infringing videos) for the purpose of helping users find what they are searching for. Alternatively, rather than entering any search terms, the user may elect to view a video from a selection of thumbnails prepared and presented by the website on its home page and within certain predefined categories. For example, PornYo displays thumbnails of "Latest Porn Videos" on its home page.

28. ***Third***, regardless of how a thumbnail of a video becomes presented to the user — *e.g.*, on a Infringing Site's home page, as a result of the user's search terms, or within a certain category — the user views the content by clicking on the thumbnail. Defendant then publicly performs the chosen video by sending streaming video content from its servers to the user's

computer. On information and belief, Defendant creates the copy of the infringing video files that are hosted on its servers and transmits multiple copies of those same video files to multiple different users. On information and belief, the public performance of the video also results in a copy of the video being made and distributed to the user's computer.

29. In addition to publicly performing videos, Defendant also encourages users to download permanent copies of infringing works onto its personal computers. For example, on the Infringing Site located at www.boysfood.com, every video is accompanied by a button encouraging users to "download" the video.

30. Defendant and the users of its websites have not received license, authorization, permission, or consent to use the registered copyrighted works owned by Ventura that have appeared on the Infringing Sites (including, but not limited to, the content listed on Exhibit A). Instead, in violation of Ventura's rights under copyright law, Defendant has willfully, intentionally, and purposefully reproduced, distributed, and publicly performed, and publicly displayed the copyrighted works, and knowingly facilitated, enabled, induced, and materially contributed to infringing uses thereof, and refused to exercise its ability to control or supervise infringing uses thereof from which they obtain direct financial benefits.

## CLAIMS FOR RELIEF

## COUNT I

### (Direct Copyright Infringement – Public Performance)

31. Ventura incorporates by reference paragraphs 1 - 30 as if set forth herein.

32. Without authorization, Defendant is publicly performing and has publicly performed or has authorized the public performance of, by means of digital video transmission, Ventura's copyrighted video content in violation of 17 U.S.C. §§ 106(4) and 501, including but not limited to the copyrighted video content listed in Exhibit A hereto.

33. The infringement of Ventura's rights in the public performance of each of their

copyrighted video works constitutes a separate and distinct act of infringement.

34. Defendant's acts of infringement are willful, intentional and purposeful, in disregard of and indifference to Ventura's rights.

35. As a direct and proximate result of Defendant's infringement of Ventura's copyrights and exclusive rights under copyright, Ventura is entitled to maximum statutory damages, pursuant to 17 U.S.C. § 504(c), in the amount of $150,000 with respect to each work infringed, or such other amounts as may be proper under 17 U.S.C. § 504(c). Alternatively, at Ventura's election, pursuant to 17 U.S.C. § 504(b), Ventura shall be entitled to its actual damages, including Defendant's profits from infringement, as will be proven at trial.

36. Ventura is entitled to its costs, including reasonable attorneys' fees, pursuant to 17 U.S.C. § 505.

37. Defendant's conduct is causing and, unless enjoined by this Court, will continue to cause Ventura great and irreparable injury that cannot fully be compensated or measured in money damages. Ventura has no adequate remedy at law. Pursuant to 17 U.S.C. § 502, Ventura is entitled to an injunction prohibiting infringement of Ventura's copyrights and exclusive rights under copyright.

## COUNT II

### (Direct Copyright Infringement – Public Display)

38. Ventura incorporates by reference paragraphs 1 - 37 as if set forth herein.

39. Without authorization, Defendant is publicly displaying and has publicly displayed or has authorized the public display, by means of digital transmission, digital images taken from Ventura's copyrighted video content in violation of 17 U.S.C. §§ 106(5) and 501.

40. The infringement of Ventura's rights in the public display of its copyrighted digital images constitutes a separate and distinct act of infringement. Each time Defendant displays an unauthorized copy of an image taken from Ventura's copyrighted video content,

Defendant publicly displays Ventura's works in violation of Ventura's exclusive right under 17 U.S.C. § 106(5).

41. Defendant's acts of infringement are willful, intentional and purposeful, in disregard of and indifference to Ventura's rights.

42. As a direct and proximate result of Defendant's infringement of Ventura's copyrights and exclusive rights under copyright, Ventura is entitled to maximum statutory damages, pursuant to 17 U.S.C. § 504(c), in the amount of $150,000 with respect to each work infringed, or such other amounts as may be proper under 17 U.S.C. § 504(c). Alternatively, at Ventura's election, pursuant to 17 U.S.C. § 504(b), Ventura shall be entitled to its actual damages, including Defendant's profits from infringement, as will be proven at trial.

43. Ventura is entitled to its costs, including reasonable attorneys' fees, pursuant to 17 U.S.C. § 505.

44. Defendant's conduct is causing and, unless enjoined by this Court, will continue to cause Ventura great and irreparable injury that cannot fully be compensated or measured in money damages. Ventura has no adequate remedy at law. Pursuant to 17 U.S.C. § 502, Ventura is entitled to an injunction prohibiting infringement of Ventura's copyrights and exclusive rights under copyright.

## COUNT III

### (Infringement of Ventura's Distribution Rights)

45. Ventura incorporates by reference paragraphs 1 – 45 as if set forth herein.

46. Without authorization, Defendant is distributing and has distributed or has authorized the distribution to the public copies of Ventura's copyrighted video content in violation of 17 U.S.C. §§ 106(3) and 501, including but not limited to the copyrighted video content listed in Exhibit A hereto.

47. The infringement of Ventura's rights to distribute its copyrighted video content

constitutes a separate and distinct act of infringement. Each time Defendant transfers an unauthorized copy of one of Ventura's copyrighted video works from its servers to another computer, cell phone, or other device, Defendant distributes that copy in violation of Ventura's exclusive rights under 17 U.S.C. §§ 106(3).

48. Defendant's acts of infringement are willful, intentional and purposeful, in disregard of and indifference to Ventura's rights.

49. As a direct and proximate result of Defendant's infringement of Ventura's copyrights and exclusive rights under copyright, Ventura is entitled to maximum statutory damages, pursuant to 17 U.S.C. § 504(c), in the amount of $150,000 with respect to each work infringed, or such other amounts as may be proper under 17 U.S.C. § 504(c). Alternatively, at Ventura's election, pursuant to 17 U.S.C. § 504(b), Ventura shall be entitled to its actual damages, including Defendant's profits from infringement, as will be proven at trial.

50. Ventura is entitled to its costs, including reasonable attorneys' fees, pursuant to 17 U.S.C. § 505.

51. Defendant's conduct is causing and, unless enjoined by this Court, will continue to cause Ventura great and irreparable injury that cannot fully be compensated or measured in money damages. Ventura has no adequate remedy at law. Pursuant to 17 U.S.C. § 502, Ventura is entitled to an injunction prohibiting infringement of Ventura's copyrights and exclusive rights under copyright.

**COUNT IV**

**(Infringement of Ventura's Reproduction Rights)**

52. Ventura incorporates by reference paragraphs 1 - 51 as if set forth herein.

53. Without authorization, Defendant is reproducing and has reproduced or has authorized the reproduction to the public of copies of Ventura's copyrighted video content in violation of 17 U.S.C. §§ 106(1) and 501, including but not limited to the copyrighted video

content listed in Exhibit A hereto.

54. The infringement of Ventura's rights to reproduce its copyrighted video content constitutes a separate and distinct act of infringement. Each time Defendant copies one of Ventura's copyrighted video works onto its servers for the purpose of making it available to its users, Defendant reproduces that video in violation of Ventura's exclusive rights under 17 U.S.C. §§ 106(1).

55. Defendant's acts of infringement are willful, intentional and purposeful, in disregard of and indifference to Ventura's rights.

56. As a direct and proximate result of Defendant's infringement of Ventura's copyrights and exclusive rights under copyright, Ventura is entitled to maximum statutory damages, pursuant to 17 U.S.C. § 504(c), in the amount of $150,000 with respect to each work infringed, or such other amounts as may be proper under 17 U.S.C. § 504(c). Alternatively, at Ventura's election, pursuant to 17 U.S.C. § 504(b), Ventura shall be entitled to its actual damages, including Defendant's profits from infringement, as will be proven at trial.

57. Ventura is entitled to its costs, including reasonable attorneys' fees, pursuant to 17 U.S.C. § 505.

58. Defendant's conduct is causing and, unless enjoined by this Court, will continue to cause Ventura great and irreparable injury that cannot fully be compensated or measured in money damages. Ventura has no adequate remedy at law. Pursuant to 17 U.S.C. § 502, Ventura is entitled to an injunction prohibiting infringement of Ventura's copyrights and exclusive rights under copyright

## COUNT V

### (Contributory Copyright Infringement)

59. Ventura incorporates by reference paragraphs 1 - 58 as if set forth herein.

60. Users of Defendant's websites have infringed and are infringing Ventura's rights

in their registered copyrighted works by *inter alia* downloading infringing copies of Ventura's copyrighted works on the Infringing Sites. Users of Defendant's Infringing Site users are therefore directly infringing Ventura's exclusive rights under 17 U.S.C. § 106.

61. Defendant is liable under the Copyright Act for inducing the infringing acts of its users. Defendant operates and maintains its sites with the object of promoting their use to infringe Ventura's copyrighted works. Defendant's inducement of copyright infringement is apparent from, among other things, the predominantly infringing content available on their sites; Defendant's open listing, categorization, and advertising of obviously infringing works; Defendant's express invitations to view and download the most sought-after video content for free; Defendant's failure to make any earnest effort to prevent or filter copyright infringement on their sites; and Defendant's business model for the Infringing Sites, which is overwhelmingly dependent upon widespread copyright infringement. Defendant unlawfully induces the direct infringement of Ventura's copyrighted works, including those listed on Exhibits A hereto, in violation of Ventura's exclusive rights under the copyright laws of the United States. 17 U.S.C. § 106.

62. In addition, Defendant has actual knowledge of the infringing activity that occurs on and through its sites. Through the creation, maintenance, and operation of the sites and facilities for this infringement, Defendant knowingly causes and/or otherwise materially contributes to the unlawful reproduction of Ventura's copyrighted works, including those listed on Exhibit A hereto, in violation of Ventura's exclusive rights under the copyright laws of the United States.

63. The foregoing acts of infringement by Defendant have been willful, intentional and purposeful, in disregard of and indifferent to Ventura's rights.

64. As a direct and proximate result of Defendant's infringement of Ventura's copyrights and exclusive rights under copyright, Ventura is entitled to maximum statutory

damages, pursuant to 17 U.S.C. § 504(c), in the amount of $150,000 with respect to each work infringed, or such other amounts as may be proper under 17 U.S.C. § 504(c). Alternatively, at Ventura's election, pursuant to 17 U.S.C. § 504(b), Ventura shall be entitled to its actual damages, including Defendant's profits from infringement, as will be proven at trial.

65. Ventura further is entitled to its attorneys' fees and full costs pursuant to 17 U.S.C. § 505.

66. Defendant's conduct is causing and, unless enjoined by this Court, will continue to cause Ventura great and irreparable injury that cannot fully be compensated for or measured in money. Ventura has no adequate remedy at law. Pursuant to 17 U.S.C. § 502, Ventura is entitled to an injunction prohibiting further infringements of its copyrights and exclusive rights under copyright.

**COUNT VI**

**(Vicarious Copyright Infringement)**

67. Ventura incorporates by reference paragraphs 1 - 66 as if set forth herein.

68. Users of Defendant's websites have infringed and are infringing Ventura's rights in their registered copyrighted works by *inter alia* downloading infringing copies of Ventura's copyrighted works on the Infringing Sites. Users of the Infringing Site users are therefore directly infringing Ventura's exclusive rights under 17 U.S.C. § 106.

69. Defendant is vicariously liable for such infringing acts. Defendant has the right and ability to supervise and control the infringing activities that occurs through the use of its websites. Specifically, Defendant has knowledge of the specific infringement occurring via the Infringing Sites, and has the ability to block access to infringing works. In addition, at all relevant times, Defendant has derived a direct financial benefit attributable to the infringement occurring through the Infringing Sites, including *inter alia* through advertising revenue and premium user accounts. Defendant is therefore vicariously liable for the unlawful reproduction

of Ventura's copyrighted works, including those listed on Exhibits A hereto, in violation of Ventura's exclusive rights under the copyright laws of the United States.

70. The foregoing acts of infringement by Defendant have been willful, intentional and purposeful, in disregard of and indifferent to Ventura's rights.

71. As a direct and proximate result of Defendant's infringement of Ventura's copyrights and exclusive rights under copyright, Ventura is entitled to maximum statutory damages, pursuant to 17 U.S.C. § 504(c), in the amount of $150,000 with respect to each work infringed, or such other amounts as may be proper under 17 U.S.C. § 504(c). Alternatively, at Ventura's election, pursuant to 17 U.S.C. § 504(b), Ventura shall be entitled to its actual damages, including Defendant's profits from infringement, as will be proven at trial.

72. Ventura further is entitled to its attorneys' fees and full costs pursuant to 17 U.S.C. § 505.

73. Defendant's conduct is causing and, unless enjoined by this Court, will continue to cause Ventura great and irreparable injury that cannot fully be compensated for or measured in money. Ventura has no adequate remedy at law. Pursuant to 17 U.S.C. § 502, Ventura is entitled to a preliminary and permanent injunction prohibiting further infringements of its copyrights and exclusive rights under copyright.

## PRAYER FOR RELIEF

WHEREFORE, Ventura demands a jury trial and prays for judgment as follows:

1. For a declaration that the websites owned, operated, and/or controlled by Defendant willfully infringe Ventura's copyrights both directly and secondarily.

2. For injunctive relief requiring that Defendant and its agents, employees, officers, successors, licensees, and all persons acting in concert or participation with each or any of them, cease: (a) directly or indirectly infringing, or causing, enabling, facilitating, materially contributing to, encouraging, and inducing or participating in the infringement of any of

Ventura's respective copyrights or exclusive rights protected by the Copyright Act, whether now in existence or hereafter created; and (b) uploading, downloading, reproducing, distributing, displaying, or performing Ventura's copyrighted works, whether through the Infringing Sites or by any other means.

3. For statutory damages pursuant to 17 U.S.C. § 504(c). Alternatively, at Ventura's election, pursuant to 17 U.S.C. § 504(b), for actual damages plus Defendant's profits from infringement, as will be proven at trial.

4. For Ventura's costs, including reasonable attorneys' fees, pursuant to 17 U.S.C. § 505.

5. For pre- and post-judgment interest according to law.

6. For such other and further relief as the Court may deem just and proper.

Dated: September 23, 2011

Respectfully submitted,

By: ______________________

Gianni P. Servodidio (GS-0713)
Joseph J. McFadden (JM-3232)
JENNER & BLOCK LLP
919 Third Avenue; 37th Floor
New York, NY 10022-3908
Telephone: (212) 891-1600
Facsimile: (212) 891-1699

-and-

Jessica M. Pena, Esq.
(pending admission pro hac vice)
6614 E. Tanque Verde Rd.
Tucson, AZ 85715

*Attorneys for Ventura Content, Ltd.*

A

| Exhibit A - List of Infringed Works | | |
|---|---|---|
| **No.** | **Copyright Registration Number** | **Short Title/Episode Number** |
| 1 | PA0001678357 | BSB225 |
| 2 | PA0001676421 | BSB245 |
| 3 | PA0001665251 | CFMX002 |
| 4 | PA0001678350 | AG005 |
| 5 | PA0001678350 | AG006 |
| 6 | PA0001678350 | AG007 |
| 7 | PA0001678350 | AG011 |
| 8 | PA0001678353 | HFA197 |
| 9 | PA0001383717 | ASP020 |
| 10 | PA0001676343 | BBG025 |
| 11 | PA0001673972 | BBG046 |
| 12 | PA0001673972 | BBG060 |
| 13 | PA0001676328 | BJR 079 |
| 14 | PA0001678341 | HFA172 |
| 15 | PA0001678341 | HFB197 |
| 16 | PA0001678341 | HFB199 |
| 17 | PA0001678341 | MS250 |
| 18 | PA0001365214 | CST001 |
| 19 | PA0001649208 | CST122 |
| 20 | PA0001673976 | CST120 |
| 21 | PA0001339094 | CST010 |
| 22 | PA0001383721 | CST016 |
| 23 | PA0001646266 | CST 099 |
| 24 | PA0001676305 | CST101 |
| 25 | PA0001676305 | CST115 |
| 26 | PA0001676305 | CST116 |
| 27 | PA0001676305 | CST119 |
| 28 | PA0001688085 | MS303 |
| 29 | PA0001664794 | CWP127 |
| 30 | PA0001673967 | HFA215 |
| 31 | PA0001676314 | FTS062 |
| 32 | PA0001676314 | HWB076 |

| No. | Copyright Registration Number | Short Title/Episode Number |
|---|---|---|
| 33 | PA0001664795 | EXH148 |
| 34 | PA0001377158 | EXH 172 |
| 35 | PA0001676347 | EXH114 |
| 36 | PA0001382766 | FTS043 |
| 37 | PA0001676312 | GBJ001 |
| 38 | PA0001678727 | GBJ012 |
| 39 | PA0001664600 | GBS158 |
| 40 | PA0001664790 | GBS176 |
| 41 | PA0001377156 | HBG023 |
| 42 | PA0001377156 | HBG046 |
| 43 | PA0001673993 | HBG 052 |
| 44 | PA0001673993 | HCT033 |
| 45 | PA0001370626 | HFB044 |
| 46 | PA0001384035 | HFDP 105 |
| 47 | PA0001332160 | HFLS007 |
| 48 | PA0001678343 | HFLS146 |
| 49 | PA0001678343 | HFLS160 |
| 50 | PA0001678343 | HFLS202 |
| 51 | PA0001678343 | HFLS224 |
| 52 | PA0001678343 | HFLS228 |
| 53 | PA0001678343 | HFLS146 |
| 54 | PA0001673988 | HFLS211 |
| 55 | PA0001673988 | HFLS215 |
| 56 | PA0001674017 | HFLS260 |
| 57 | PA0001676313 | HWB047 |
| 58 | PA0001676313 | HWB067 |
| 59 | PA0001676313 | HWB082 |
| 60 | PA0001676313 | HWB085 |
| 61 | PA0001335839 | ICB002 |
| 62 | PA0001375417 | ICB019 |
| 63 | PA0001649207 | CST066 |
| 64 | PA0001664563 | FTS021 |
| 65 | PA0001676357 | HFB223 |

| No. | Copyright Registration Number | Short Title/Episode Number |
|---|---|---|
| 66 | PA0001678338 | MSTG004 |
| 67 | PA0001678338 | MSTG011 |
| 68 | PA0001678338 | MSTG013 |
| 69 | PA0001678338 | MSTG016 |
| 70 | PA0001676353 | MS313 |
| 71 | PA0001664604 | SH 070 |
| 72 | PA0001676338 | HFLS195 |
| 73 | PA0001676338 | OSP037/OSP038 |
| 74 | PA0001676338 | OSP042 |
| 75 | PA0001676338 | WS012 |
| 76 | PA0001382756 | MS208 |
| 77 | PA0001676337 | OSP044 |
| 78 | PA0001676337 | OSP051 |
| 79 | PA0001676337 | OSP069 |
| 80 | PA0001664793 | BSB216 |
| 81 | PA0001665254 | TFC290 |
| 82 | PA0001383963 | HCT003 |
| 83 | PA0001676327 | HCT012 |
| 84 | PA0001677999 | SGP035 |
| 85 | PA0001677999 | SGP041 |
| 86 | PA0001677999 | SGP047 |
| 87 | PA0001327287 | WFT010 |
| 88 | PA0001614618 | WFT043 |
| 89 | PA0001676341 | WS005 |
| 90 | PA0001674016 | WS 011 |
| 91 | PA0001674016 | WS020 |
| 92 | PA0001674016 | WS023 |